IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:13-CR-016 |
| ) | |
| JEREMY H. GREENE ) | |

## **MEMORANDUM AND ORDER**

The defendant will be sentenced on November 5, 2013. He filed numerous objections to his presentence investigation report ("PSR"). In response to those objections, the probation office has made minor revisions to the PSR, and the defendant has responded by filing six revised objections. For the reasons that follow, all six objections will be overruled.

I.

*Relevant Background*

The PSR deems the defendant a career offender under section 4B1.1 of the advisory guidelines. That adjustment in material part requires "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2012). The two prior convictions relied upon by the PSR in this case are: (1) an August 1999 aggravated burglary conviction in the Criminal Court of Johnson County, Tennessee (PSR ¶ 34); and (2) a September 2000 second degree burglary conviction in the Superior Court of Watauga County, North Carolina (PSR ¶ 35).

## II.

*Objection 1*

The defendant first objects that the above-cited convictions cannot both be counted as career offender predicates because "the two offenses were not separated by an intervening arrest as is required by Sentencing Guideline § 4B1.2(c) and § 4A1.2(a)(2), and were simply a part of offenses occurring near the same time." The defendant committed both offenses on or before January 27, 1999 - the date he was arrested for the Tennessee crime. He was not arrested for the North Carolina burglary until July 26, 1999. Therefore, the defendant is correct that the two crimes were not separated by an intervening arrest.

Guideline 4B1.2(c) provides in material part that if certain prior sentences cannot be separately counted under guideline 4A1.1, then they also cannot each be used to meet the career offender "two prior felony convictions" threshold. *See* U.S.S.G. § 4B1.2(c) (2012). Guideline 4A1.2(a)(2) in turn provides that two prior sentences <u>sometimes</u> are not both counted if they were not separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2).

But there is more to guideline 4A1.2(a)(2) than what is presented by the defendant. Notwithstanding the absence of an intervening arrest, prior sentences are nonetheless separately counted if either: (a) the offenses were not contained in the same charging instrument; or (b) the sentences were not imposed on the same day. *See id.* Both of those conditions are present here. The two career offender predicates were not charged in the same instrument, or even in the same court or the same state. Further, the sentences for these two crimes were imposed on different dates - August 23, 1999, and September 25, 2000.

2

For these reasons, the PSR correctly counts these two sentences separately. The defendant's first objection will be overruled.

III.

*Objection 2*

The guidelines define "crime of violence" for career offender purposes as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary *of a dwelling*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (emphasis added). By his second objection, the defendant argues that his North Carolina second degree burglary sentence cannot serve as a career offender predicate because "such conviction is not necessarily burglary of a dwelling." The defendant presents this argument without citation to authority and unaccompanied by any argumentation. Likely, he has waived the issue. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Regardless, the court concludes that the North Carolina statute covers only burglaries of dwellings.

3

Although he was charged with *first* degree burglary in violation of North Carolina General Statute 14-51, the defendant pled guilty to *second* degree burglary in violation of that same statute. The North Carolina first and second degree burglary statute provides in full:

> There shall be two degrees in the crime of **burglary as defined at the common law**. If the crime be committed in a dwelling house, or in a room used as a sleeping apartment in any building, and any person is in the actual occupation of any part of said dwelling house or sleeping apartment at the time of the commission of such crime, it shall be burglary in the first degree. <u>If such crime be committed in a dwelling house or sleeping apartment not actually occupied by anyone at the time of the commission of the crime, or if it be committed in any house within the curtilage of a dwelling house or in any building not a dwelling house, but in which is a room used as a sleeping apartment and not actually occupied as such at the time of the commission of the crime, it shall be **burglary in the second degree**</u>. For the purposes of defining the crime of burglary, larceny shall be deemed a felony without regard to the value of the property in question.

N.C. Gen. Stat. § 14-51 (emphases added).

To categorically qualify as a "crime of violence" under the career offender guideline, a burglary statute must not be more expansive than the generic definition of "burglary of a dwelling." *See United States v. McFalls*, 592 F.3d 707, 713 (6th Cir. 2010). Statutes overly encompassing a dwelling's curtilage generally will not qualify. *See id.* Under the generic definition of "burglary of a dwelling," "there must be an intrusion on a place of habitation." *Id.* at 714.

The second degree burglary language of section 14-51 is less than a model of clarity. Nonetheless, the court reads the least clear wording - "in any house within the curtilage of a dwelling

4

house or in any building not a dwelling house" - as being restricted in its entirety by the language that follows - "in which is a room used as a sleeping apartment." This reading is supported by the introductory sentence of section 14-51 and by the North Carolina courts.

In the first sentence of section 14-51, the North Carolina legislature explains that it is codifying the first and second degrees of "the crime of burglary *as defined at the common law*." N.C. Gen. Stat. § 14-51 (emphasis added). Under the common law of North Carolina, the crime of burglary can only take place in "a dwelling house or a room used as a sleeping apartment." *See North Carolina v. Person*, 259 S.E.2d 867, 868 (N.C. 1979); *accord Good v. United States*, Nos. 1:07CV178, 1:04CR330-1, 2007 WL 3226163, at *2 (M.D.N.C. Oct. 26, 2007); *North Carolina v. Rollins*, 729 S.E.2d 73, 80 (N.C. Ct. App. 2012); *North Carolina v. Surcey*, 533 S.E.2d 479, 481 (N.C. Ct. App. 2000). In North Carolina, "[t]he sole distinction between first-degree and second-degree burglary is the essential element of actual occupancy." *Surcey*, 533 S.E.2d at 481 (citation and quotation omitted).

Therefore, consistent with *McFalls*, the crime of second degree burglary in North Carolina requires "an intrusion on a place of habitation." As such, the defendant's 2000 second degree burglary conviction was for the "burglary of a dwelling" and is correctly deemed a career offender predicate offense. His section objection will be overruled.

IV.

*Objections 3 and 4*

The defendant presents two additional objections pertaining to his North Carolina second degree burglary conviction. Each of these objections is mooted by the court's discussion in the preceding section.

5

In this case, for the North Carolina crime of second degree burglary to be a "crime of violence" one of three tests must be satisfied:

    1. The crime must meet the generic definition of "burglary of a dwelling," one of the enhancement's specifically enumerated crimes of violence;

    2. The crime must have as an element the use, attempted use, or threatened use of physical force against another; or

    3. The crime must present a serious risk of physical injury to another.

*McFalls*, 592 F.3d at 712 (citation omitted).

By his third and fourth objections, the defendant argues that North Carolina section 14-51 neither "present[s] a serious risk of physical injury to another" nor "has as an element the use, attempted use, or threatened use of physical force against another." Because the court has already ruled that section 14-51 meets the generic definition of "burglary of a dwelling" (thereby satisfying the first *McFalls* test), these issues are moot. The defendant's third and fourth objections will be overruled.

V.

*Objection 5*

Without citation to supporting authority, the defendant next objects that the career offender guideline cannot be applied to him because the prosecution "did not file any information with the Court and serve a copy upon his counsel stating in writing the previous convictions to be relied upon as required by 21 U.S.C. § 851." This objection

6

> fail[s] as a matter of law. The procedural requirements of § 851 only apply to statutory sentencing enhancements, not to sentencing enhancements under the Guidelines. *See United States v. Brannon*, 7 F.3d 516, 521 (6th Cir.1993) ("Because defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the notice requirements of 21 U.S.C. § 851(a)(1) are inapplicable."); *United States v. Mans*, 999 F.2d 966, 969 (6th Cir.1993) ( "[T]he requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines."). Because Meeks's sentence was enhanced under the Guidelines rather than under 21 U.S.C. § 841(b), the procedural requirements of § 851 do not apply.

*United States v. Meeks*, 664 F.3d 1067, 1073 (6th Cir. 2012). The defendant's fifth objection will be overruled.

## VI.

*Objection 6*

Lastly, the defendant objects that his PSR should include a downward mitigating role adjustment under guideline section 3B1.2 because he was "merely" a "smurf." This issue merits little discussion, as it does not affect the defendant's advisory guideline range. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

In determining the total offense level, the court begins with the base offense level in chapter two of the guidelines. *See* U.S.S.G. § 1B1.1(a)(1)-(2). Next, the court applies any appropriate adjustments (such as mitigating role) found in chapter three. *See* U.S.S.G. § 1B1.1(a)(3)-(5). Finally, the court applies any adjustments (such as career offender) from chapter four. *See* U.S.S.G. § 1B1.1(a)(6).

7

In that sequential process, the chapter four career offender adjustment overrides all previously-applied chapter three adjustments other than the reduction for acceptance of responsibility. *See* U.S.S.G. §§ 1B1.1(a), 4B1.1(b). Therefore, as a career offender, the defendant's total offense level would be 31 with or without a mitigating role adjustment. His sixth objection is a moot point.

VII.

*Conclusion*

For the reasons provided herein, the defendant's revised objections to his PSR are **OVERRULED** in their entirety.

**IT IS SO ORDERED.**

ENTER:

      s/ Leon Jordan
United States District Judge