UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-016 |
| | ) | |
| JEREMY H. GREENE | ) | |

## MEMORANDUM AND ORDER

Now before the Court is the defendant's *pro se* 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. [Doc. 289]. The United States has responded in opposition to the motion [docs. 295, 296] and the defendant has not replied within the time allowed by this court's Local Rules. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

In November 2013, this Court sentenced the defendant, as a Career Offender, to a 151-month term of imprisonment for conspiring to manufacture methamphetamine. The defendant is presently housed at FCI Allenwood Low with a projected release date of December 14, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 29, 2020). He now seeks compassionate release in light of the COVID-19 pandemic, diabetes, hypertension, obesity, and a cardiac murmur.

### II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a

sentence reduction. *Id*. at *2 (citations omitted).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief motion on his behalf. [Doc. 289, ex. 1]. Thirty days have passed since that request was received by the warden of his facility. [*Id.*]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

3

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1.

The defendant and the United States have filed BOP medical records. [Docs. 289, ex. 1; 296]. Based on his documented diagnoses of diabetes and obesity, the United States concedes that the defendant has met his burden of showing an "extraordinary and compelling reason" for compassionate release. [Doc. 295, p. 8-9]. The Court's analysis therefore turns to § 3582(c)(1)(A)(i)'s and policy statement 1B1.13's remaining requirements.

### 2. Danger to Any Other Person or to the Community

The Court concludes that the defendant has not shown that he would not be a danger if released at this time. For that reason, his motion must be denied.

4

Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's Presentence Investigation Report ("PSR"). The Court has also considered

the defendant's BOP SENTRY Report.

As noted, the Court imposed a 151-month Career Offender sentence in this case. At sentencing, in addition to being a Career Offender, the defendant had 14 countable criminal history points even though he was only 32 years old. [PSR, ¶¶ 52, 62]. Prior convictions include aggravated burglary, second degree burglary, forgery, controlled substance offenses, breaking and entering, larceny of a motor vehicle, and consistent violations of motor vehicle regulations. [*Id.*, ¶¶ 34-36, 38-44, 46-49]. There have been two probation violations. [*Id.*, ¶¶ 38, 51]. Additionally, the defendant's history of substance abuse begins at age 11. [*Id.*, ¶ 66].

The SENTRY Report lists three disciplinary infractions during the current term of imprisonment. Further, although the BOP categorizes the defendant as a low security classification, it conversely rates him as having a high risk of recidivism.

The defendant's personal and criminal history leaves the Court unable to find that he would not pose a danger to the safety of another person or the community if released at this time. For this reason, the defendant's motion must be denied.

### 3. Section 3553(a) Factors

The facts underlying a review of the 18 U.S.C. 3553(a) factors in this case are essentially the same as those considered in the preceding section of this memorandum. The requested sentence reduction in this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). For these additional reasons, the defendant's compassionate release request must be denied.

## III. CONCLUSION

Having considered the issues raised by the defendant, individually and in combination, the Court concludes that his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 289] must be and is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge